896 F.2d 1368
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joe Lavone GRAHAM, Defendant-Appellant.
 No. 89-5026.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 5, 1989.
Decided: Feb. 9, 1990.
 
 George Alan DuBois, Jr., Assistant Federal Public Defender (William E. Martin, Federal Public Defender, on brief), for appellant.
 Kathleen A. Felton (Margaret P. Currin, United States Attorney, on brief), for appellee.
 Before CHAPMAN, Circuit Judge, and HAYNSWORTH* and BUTZNER, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a sentencing guidelines case in which defendant Joseph Levon Graham appeals the sentence imposed after he pled guilty to breaking into a United States post office with intent to commit larceny. 18 U.S.C.A. Sec. 2115 (West 1984). Graham claims the district court erred when it denied him a two-step offense level reduction for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1(a) (Nov.1989). Graham argues that he is entitled to the reduction because (1) he pled guilty, (2) he cooperated with the authorities, (3) the pre-sentence report recommended the reduction, and (4) the prosecution stipulated to the reduction.
 
 
 2
 The district court rejected Graham's argument, noting that Graham persisted in criminal activity following the post office burglary, resisted arrest, and initially denied his guilt. We find that these facts provide sufficient foundation to support the district court's decision, and affirm.
 
 I.
 
 3
 On the night of June 20, 1988, Graham broke into the United States post office in Spring Lake, North Carolina, and stole $359.82 in cash, $754.12 in stamps, and 426 blank money orders. The Spring Lake police received an anonymous tip identifying Graham as the burglar; they also found fingerprints matching Graham's at the post office.
 
 
 4
 On July 18, a postal inspector and a police officer approached Graham in a public area of Spring Lake. After a brief conversation, they asked Graham to get into the police car. He refused and walked away. The postal inspector grabbed Graham by the arm, told him that he was under arrest, and tried to handcuff him. Graham resisted and the two men struggled for about five minutes before Graham finally surrendered. Graham was detained pending trial.
 
 
 5
 Graham entered a written plea agreement on October 13, agreeing to disclose all the information he had concerning the burglary and to testify in court, if necessary. The government agreed not to recommend an upward departure from the guidelines range and to stipulate that Graham had accepted responsibility for the crime. Graham pled guilty on October 17.
 
 
 6
 Under the Federal Sentencing Guidelines, the base offense level for Graham's burglary is 12, and his extensive criminal history places him in Category VI. These factors produce a sentencing range of 30 to 37 months. The probation officer's presentence report recommended a two-level reduction for acceptance of responsibility, and the prosecution agreed. Such a reduction would have put the sentence in the 24 to 30-month range.
 
 
 7
 Judge Boyle rejected these recommendations and sentenced Graham to 36 months in prison, saying:
 
 
 8
 Well, based on my review of the presentence report, it doesn't appear to me that he warrants a reduction for acceptance of responsibility, not only because of his conduct at the time of the events, but apparently he didn't readily admit it, and he has gotten a number of other charges last summer, including this July 15, '88 incident with a knife and a larceny on July 15. I think that's out of character with somebody who has accepted responsibility in a contrite and reformed mode with respect to his criminal conduct.
 
 
 9
 Graham argues that there was insufficient evidence to support Judge Boyle's conclusion and that the judge should have followed the recommendation of the presentence report and the stipulation by the prosecution, and granted the reduction.
 
 II
 
 10
 Under the Sentencing Guidelines, a two-level reduction for acceptance of responsibility applies "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...." U.S.S.G. Sec. 3E1.1(a). The reduction is not automatically awarded to those defendants who plead guilty[1] or assist the authorities in some way. United States v. Harris, 882 F.2d 902, 905-06 (4th Cir.1989). Rather, the reduction is generally reserved for those defendants who show signs of remorse. Id. See 2 Fed.Sent.R. 58 (Jul/Aug 1989). To determine whether a defendant qualifies under Sec. 3E1.1, the Guidelines suggest that a court consider whether the defendant voluntarily and promptly withdrew from criminal activity, surrendered to authorities, admitted any involvement in the offense, and assisted authorities in recovering the fruits and instrumentalities of the offense. U.S.S.G. Sec. 3E1.1, comment. (n. 1).
 
 
 11
 Graham argues that, following his plea agreement on October 13, he did everything possible to accept responsibility for his crime. Graham told the police how he broke into the post office and what he did with the stolen items. He also pled guilty and agreed to testify in court, if necessary.
 
 
 12
 On the other hand, the court found that Graham showed a lack of remorse when he (1) evidently engaged in criminal activity after the post office burglary, (2) struggled with authorities for five minutes during his arrest, and (3) initially denied involvement in the burglary. These facts militate against a finding of acceptance of responsibility.
 
 
 13
 Graham replies that even if his prior acts suggest a lack of remorse, his subsequent cooperation with authorities clearly establishes that he now accepts responsibility for his crime. In support of this contention, Graham points out that the guidelines do "not require a defendant to manifest acceptance of responsibility at the time of arrest or at any other particular time." United States v. Belgard, 694 F.Supp. 1488, 1498 (D.Or.1988). The district court found Graham's argument unpersuasive.
 
 III
 
 14
 Review of the sentencing court's decision is governed by 18 U.S.C. Sec. 3742(e), which provides as follows:
 
 
 15
 (e) Consideration.--Upon review of the record, the court of appeals shall determine whether the sentence--
 
 
 16
 * * *
 
 
 17
 * * *
 
 
 18
 (2) was imposed as a result of an incorrect application of the sentencing guidelines....
 
 
 19
 * * *
 
 
 20
 * * *
 
 
 21
 The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.
 
 
 22
 Furthermore, the Guidelines comment that the "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." U.S.S.G. Sec. 3E1.1, comment. (n. 5).
 
 
 23
 Thus, the question is whether there was sufficient foundation to support the sentencing court's finding that Graham was not entitled to a reduction for accepting responsibility.
 
 
 24
 As a preliminary matter, we note that the recommendations of the probation officer and the prosecutor do not bind the sentencing court; the issue of acceptance of responsibility is for the court to resolve. United States v. White, 875 F.2d 427, 431 (4th Cir.1989); United States v. Nunley, 873 F.2d 182, 187 n. 6 (8th Cir.1989).
 
 
 25
 Turning to the issue of sufficiency, we find there was sufficient evidence to support a finding either way; of the factors listed in the commentary to Sec. 3E1.1, Graham acted positively regarding some and negatively regarding others. A positive finding on one or more factors does not require application of the section. White, 875 F.2d at 432.
 
 
 26
 For example, in White, the defendant pled guilty and agreed to cooperate with authorities. Also, the presentence report recommended a reduction for acceptance of responsibility, and the government did not object to that recommendation. Nonetheless, the district court decided against the reduction, noting that White's cooperative behavior came at the last minute, and finding that he "was trying to be conniving." Id. We found this evidence sufficient to support the court's decision.
 
 
 27
 We reached a similar result in United States v. Harris, 882 F.2d 902 (4th Cir.1989). There again, the defendant was denied a reduction for acceptance of responsibility despite having pled guilty and having cooperated with authorities. The sentencing court based its decision on its perception that the defendant's actions were motivated by factors other than contrition. The court also commented on the defendant's attempts to avoid arrest and his lack of candor immediately following arrest. Id. at 906.
 
 
 28
 As these cases illustrate, pleading guilty and cooperating with authorities does not guarantee the defendant an acceptance of responsibility adjustment; the sentencing court may find other factors more persuasive. In this case, Graham's plea agreement provided some evidence of contrition, but the court concluded that Graham's earlier actions better reflected Graham's true disposition. There was ample evidence to support that conclusion, e.g., Graham's later criminal activity, his struggle with authorities, and his initial denial of guilt. Accordingly, we affirm.
 
 
 29
 AFFIRMED.
 
 
 
 *
 Judge Haynsworth participated in the hearing of this case by listening to the recorded oral arguments but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. Sec. 46(d)
 
 
 [1]
 The Sentencing Commission considered, and rejected, a proposed automatic discount for pleading guilty. See United States v. White, 875 F.2d 427, 431 n. 5 (4th Cir.1989), citing United States Sentencing Commission Public Hearing on Plea Agreements in Washington, D.C., 8, 16 (Sept. 23, 1986) (testimony of Professor Stephen J. Schulhofer, University of Chicago Law School)